**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAHEEM JONES,** | : | |
| *Petitioner* | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **THE DISTRICT ATTORNEY OF THE** | : | **No. 21-3148** |
| **COUNTY OF PHILADELPHIA** *et al.,* | : | |
| *Respondents* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                JANUARY 9, 2023

Presently before the Court is Raheem Jones's *pro se* Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Mr. Jones challenges his conviction for aggravated assault and his sentence of 10 to 20 years' incarceration. However, Mr. Jones's petition is time-barred by the Anti-Terrorism and Effective Death Penalty Act's one-year period of limitations. Thus, the Court adopts the Magistrate Judge's Report and Recommendation and dismisses Mr. Jones's habeas petition.

### BACKGROUND

On September 1, 1998, Mr. Jones shot Durant Salindo, striking Mr. Salindo in the stomach and leaving him with a permanent injury to his small intestine. Mr. Jones was arrested several days after the shooting. On February 13, 1999, Mr. Jones pled guilty to aggravated assault and related offenses stemming from the shooting of Mr. Salindo. On April 12, 1999, Mr. Jones was sentenced to an aggregate term of 10 to 20 years' incarceration. Mr. Jones appealed, and the Pennsylvania Superior Court affirmed his conviction and sentence on August 16, 2000. *Commonwealth v. Jones*, 764 A.2d 1124 (Pa. Super. Ct. 2000) (Table). Mr. Jones did not seek *allocatur* from the Pennsylvania Supreme Court, and his conviction became final on September 15, 2000.

On June 28, 2001, Mr. Jones sought state collateral relief by filing a petition under the Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541–46. Mr. Jones was appointed counsel,

who filed an amended PCRA petition on August 9, 2002. *Commonwealth v. Jones*, 2003 WL 25712037 (Phila. Ct. Comm. Pls. Nov. 24, 2003). The amended PCRA petition was dismissed on November 24, 2003. *Id.* On September 27, 2004, the Pennsylvania Superior Court affirmed the dismissal. *Commonwealth v. Jones*, 863 A.2d 1225 (Pa. Super. Ct. 2004) (Table). Mr. Jones did not seek *allocatur* from the Pennsylvania Supreme Court.

On January 16, 2004, while his PCRA petition was still pending, Mr. Jones filed a habeas petition pursuant to 28 U.S.C. § 2254. *Jones v. Johnson*, No. 04-cv-604, 2004 WL 1090990, at *1 (E.D. Pa. May 13, 2004). This Court dismissed Mr. Jones's petition without prejudice for failure to exhaust his claims in state court. *See id.* at *1, 3 (Magistrate Judge's Report and Recommendation); *Jones v. Johnson*, No. 04-cv-604, Dkt. No. 8 (Order approving and adopting the Report and Recommendation). The Court noted that Mr. Jones had the right to re-file his habeas petition after the state court proceedings on his PCRA petition had concluded. *Jones*, 2004 WL 1090990, at *3. However, Mr. Jones did not re-file his habeas petition at the conclusion of his state court proceedings on September 27, 2004.

On July 6, 2021, Mr. Jones filed the instant habeas petition pursuant to 28 U.S.C. § 2254.[1] In his petition, Mr. Jones claims that: (1) his guilty plea was not entered knowingly and intelligently; (2) his sentence was excessive; and (3) his trial counsel rendered ineffective assistance by failing to investigate his competency to enter a plea and to provide proper advice about the decision to plead guilty. The Commonwealth asserts that Mr. Jones's claims are untimely and should be dismissed.

---

[1]     The sentence that Mr. Jones challenges in his July 6, 2021 habeas petition expired on July 11, 2021. However, Mr. Jones is currently serving a 25 to 50 year sentence for a homicide that he committed in January 2015, when he was released on parole for the conviction which he is challenging in the instant petition.

The Court referred Mr. Jones's petition to the Honorable Carol Sandra Moore Wells, United States Magistrate Judge, for a Report and Recommendation. Judge Wells submitted her R&R, recommending that Mr. Jones's petition be dismissed as untimely. Mr. Jones did not file an opposition to the R&R.

## LEGAL STANDARD

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

## DISCUSSION

### I. Mr. Jones's Habeas Petition is Time-Barred by the AEDPA's One-Year Period of Limitations

Mr. Jones's sentence was affirmed on direct appeal by the Pennsylvania Superior Court on August 16, 2000. Mr. Jones did not seek *allocatur* from the Pennsylvania Supreme Court, and his time to do so expired thirty days later, on September 15, 2000. Pa. R. App. P. 1113(a). Thus, Mr. Jones's conviction became final on September 15, 2000. 28 U.S.C. § 2244(d)(1)(A). The alternative start dates set forth in 28 U.S.C. § 2244(d)(1)(B)–(D) do not apply to Mr. Jones's

claims, so his one-year period of limitations was set to expire on September 15, 2001. However, as discussed below, Mr. Jones was entitled to statutory tolling meaning his one-year period of limitations actually expired on January 15, 2005.

**A.  <u>Mr. Jones is Entitled to Statutory Tolling for the Pendency of His PCRA Proceedings</u>**

The doctrine of statutory tolling provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application for state post-conviction or collateral relief is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Mr. Jones is entitled to statutory tolling for the period during which the Pennsylvania state courts considered his PCRA petition. Mr. Jones timely filed his PCRA petition on June 28, 2001, 285 days into his one-year period under the AEDPA. His PCRA petition was dismissed on November 24, 2003, and the Pennsylvania Superior Court affirmed the dismissal on September 27, 2004. Mr. Jones had 30 days to seek *allocatur* from the Pennsylvania Supreme Court. *See* Pa. R. App. P. 1113(a). Because he failed to do so, the statutory tolling period ended on October 27, 2004. Mr. Jones had 80 days remaining in his one-year period under the AEDPA to file a habeas petition. Because Mr. Jones did not do so, his one-year period expired on January 15, 2005. This means that Mr. Jones's July 6, 2021 habeas petition is time-barred, unless Mr. Jones is entitled to equitable tolling or has satisfied the actual innocence standard such that he can overcome the statute of limitations.

### B. Mr. Jones is Not Entitled to Equitable Tolling

Mr. Jones argues that he is entitled to equitable tolling, such that his habeas petition should be considered timely. However, Mr. Jones is not entitled to equitable tolling. Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation period unfair." *Meritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted). The doctrine is one that should be applied sparingly. *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005). "[A] a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *accord Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d. Cir. 2008).

Mr. Jones asserts that he not only pursued his rights diligently, but also that his schizophrenia diagnosis in 2017 constitutes an extraordinary circumstance. Mr. Jones's nearly 17-year delay between the conclusion of his PCRA proceedings in 2004 and the filing of the instant habeas petition on July 6, 2021 cannot be considered an exercise of diligence. *See Pace*, 544 U.S. at 419 (finding that a five-year delay between the conclusion of PCRA proceedings and the seeking of relief in federal court was a disqualifying lack of diligence). "Under long-established principles, [Mr. Jones's] lack of diligence precludes equity's operation." *Id.* Further, Mr. Jones's 2017 schizophrenia diagnosis fails to account for his failure to file his habeas petition before January 15, 2005, when his one-year period under the AEDPA expired. Mr. Jones failed to establish that he is entitled to equitable tolling.

### C. Mr. Jones Fails to Establish That the Actual Innocence Standard Applies

Mr. Jones also argues that because he presents a claim of actual innocence in his habeas petition, he can overcome the statute of limitations. The Supreme Court of the United States has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass

whether the impediment is a procedural bar . . . or . . . [the] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To establish actual innocence, the petitioner must present new, reliable evidence, to demonstrate that he is innocent of the charged offenses. *Schlup v. Delo*, 513 U.S. 298, 316–17, 324 (1995). Where the petitioner fails to present new evidence, he fails to meet the "threshold requirement for applying the actual innocence standard." *Reeves v. Fayette SCI*, 897 F.3d 154, 161 (3d Cir. 2018).

Mr. Jones fails to meet his burden of establishing that the actual innocence standard applies. First, Mr. Jones pled guilty, meaning that he admitted to shooting Mr. Salindo. Second, Mr. Jones does not identify any new evidence that would refute his own admission of guilt and instead establish his innocence. Mr. Jones argues that because he was a juvenile at the time of his crime, he was unable to form the requisite *mens rea* because his brain was not fully developed. He cites to *Graham v. Florida*, 560 U.S. 48 (2010) and *Roper v. Simmons*, 543 U.S. 551 (2005) to support this proposition. However, these cases are inapposite because they deal with the imposition of the sentence of life without parole, or the death penalty. *See Graham*, 560 U.S. at 74 (holding that "for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole"); *Roper*, 543 U.S. at 575 (holding that "the death penalty cannot be imposed upon juvenile offenders"). Mr. Jones did not receive the death penalty, nor was he sentenced to life without parole—he was sentenced to 10 to 20 years' imprisonment and was released on parole. Mr. Jones's assertion that he was actually innocent thus does not overcome the statute of limitations.

Mr. Jones is not entitled to equitable tolling and he failed to establish that the actual innocence standard applies, thus his July 6, 2021 habeas petition is time-barred and must be dismissed.

CONCLUSION

Because Mr. Jones's claims are time-barred, the Court dismisses Mr. Jones's habeas petition with prejudice.[2]  An appropriate order follows.

BY THE COURT:

GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2]      The Court will also decline to issue a certificate of appealability because Mr. Jones has not made the requisite "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "[W]hen a district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim . . . a [certificate of appealability] may issue only if the petitioner shows that: (1) 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Rambert v. Zaken*, No. 22-cv-3509, 2022 WL 17155766, at * 4 n. 5 (E.D. Pa. Nov. 22, 2022) (quoting *Pabon v. Superintendent, SCI-Mahanoy*, 654 F.3d 385, 392 (3d Cir. 2011)). Here, reasonable jurists would agree that the Court properly dismissed Mr. Jones's habeas petition because it was time-barred by the AEDPA's one-year statute of limitations.